**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

**Case No.**

MICHAEL DRAKE, individually and on behalf of all others similarly situated,

       Plaintiff,

vs.

THE PROCTER & GAMBLE COMPANY,

       Defendant.

## DEFENDANT THE PROCTER & GAMBLE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The Procter & Gamble Company ("P&G") hereby gives notice of removal of this action, *Drake v. The Procter & Gamble Company*, Case No. 21-L-000149 pending in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, to the United States District Court for the Southern District of Illinois. As grounds for removal, P&G states as follows:

1.  On February 1, 2021, Plaintiff Michael Drake, individually and on behalf of all others similarly situated in Illinois, filed his putative Class Action Complaint in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois against P&G.

2.  This is a putative consumer protection class action where Plaintiff alleges that much of the language used in the advertisement of the Class Products, including the name of the product itself: "Gum & Enamel Repair" is false and misleading.

3.  In addition to compensatory and punitive damages, Plaintiff seeks injunctive relief, including, but not limited to "enjoining Defendant from continuing the unlawful practices as set

forth herein and ordering Defendant to engage in a corrective advertising campaign." *See* Exhibit "A," Prayer for Relief, subsections C and D.

### I.   Bases for Removal

4.   United States District Court has jurisdiction over this removed action under 28 U.S.C. § 1441, because this action could originally have been filed in this Court under 28 U.S.C. § 1332(d)(2)(A).  Federal diversity jurisdiction exists over this class action case because the parties are minimally diverse and the amount in controversy exceeds Five Million Dollars ($5,000.000.00).  28 U.S.C. § 1332(d)(2)(A).

### II.   Timeliness of Removal

5.   This removal is timely because it is filed within thirty (30) days after P&G was served with Plaintiff's Complaint.  *See* 28 U.S.C. § 1446(b).  Specifically, P&G was served on or about February 12, 2021, making removal of this action timely since it was filed within thirty (30) days of receipt of the Complaint.[1]

### III.   Citizenship of Plaintiff and Class Information

6.   It is believed that Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and currently is a citizen, resident and domiciled in the State of Illinois.  *See* Complaint, attached at Exhibit "A," ¶ 6.

7.   Plaintiff seeks to represent a class defined as "All persons in the state of Illinois who purchased one or more of the Class Products in Illinois during the Class Period."  *Id.* ¶ 78.  Class Products are defined as "the Crest Gum & Enamel Repair toothpastes (in "Intensive Clean" and "Advanced Whitening" varieties) and Oral-B Gum & Enamel Repair toothpaste."  *Id.* ¶ 7.

---

[1] Thirty days after February 12, 2021 is March 14, 2021, a Sunday.  Therefore, removal is timely if filed by Monday, March 15, 2021.  Fed. R. Civ. P. 6(a)(1)(C).

There is no specific time period for the Class Period, but it is defined in the Complaint as the "period within the statute of limitations for this action and extending until a Class is certified herein." *Id.* ¶ 81.

8. The class size is in excess of 100 people. Plaintiff does not allege a specific number for the size of the Class, but she alleges that, "The members of each Class are so numerous that joinder of all members is impractical. In oral care, P&G has the 'number two market share position with nearly 20% global market share behind [its] Oral-B and Crest brands.'" *Id.* ¶ 83.

## IV.   Citizenship of Defendant

9. P&G, at the time of the filing of the Complaint, and at the current time of the removal of this action, is a corporation duly incorporated and organized under the laws of the State of Ohio. *See* Exhibit "A," ¶ 7.

## V.   Minimal Diversity Exists

10. A putative class action is removable to federal court if there is minimal diversity between any member of the proposed nationwide class and P&G. 28 U.S.C. § 1332(d)(2)(A). As Plaintiff seeks to represent a class of Illinois citizens and P&G is incorporated and organized under the laws of the State of Ohio, there is also minimal diversity between P&G and a member of the proposed nationwide class. *Id.*

## VI.   The Amount in Controversy Requirement of 28 U.S.C. § 1332(d)(2), (d)(6) Has Been Satisfied

11. If the relief requested by Plaintiff, on behalf of the entire class, were granted, the cost to Defendants would exceed $5,000,000.

12. First, any compensatory damages issued on behalf of the class could correspond to the sales of the Class Products to Class Members. Sales of the Class Products in the State of

Illinois from July 2018 up to and including December 2020 are $1,983,817. *See* Declaration of Carlos Quintero, attached as Exhibit B, at ¶ 4.

13. Second, to comply with any injunction issued by a Court relating to the labeling, marketing, and advertising of the Class Products would involve P&G coordinating with many internal and external stakeholders to re-align the communication across the State of Illinois. *See id.* ¶ 5. This re-alignment would likely include substantial lead times necessary to rework the product labeling and packaging as well as revising the advertising, in-store marketing, digital, mobile and social media, creative partnerships, and other retail execution strategies. *See id.* This activity would include in-house personnel from a number of departments, including, for example, dedicated brand personnel, and external advertising and marketing companies. *See id.*; *Aliano v. Ferriss*, No. 11 C 1421, 2011 WL 2148979, at *3 (N.D. Ill. June 1, 2011) (*citing Tropp v. WesternSouthern Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004)) (The costs that a defendant must "incur[ ] in complying with injunctive relief is a legitimate consideration in a jurisdictional inquiry...."). Complying with the injunction in Illinois, which includes Plaintiff's defined class, would cost P&G in excess of $1,000,000. *See id.* ¶ 6.

14. Third, in his Complaint, Plaintiff has alleged two counts of a Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. *See* Exhibit A, ¶¶ 88-113. Plaintiffs may recover compensatory damages, punitive damages and attorney's fees under this statute. *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 582 (7th Cir. 2017) (citing *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011)).

15. Therefore, given the extensive activity to comply with an injunction, plus the potential for awards of compensatory damages, punitive damages, and attorney's fees, the amount

4

in controversy for the class is in excess of $5,000,000.  P&G denies all of Plaintiff's claims and allegations.

### VII. Notice to the State Court

16. P&G has filed with the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, a Notice of filing of this Notice of Removal.  *See* Notice of Filing of the Notice of Removal, attached at Exhibit C.

### VIII. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.

17. Venue is proper in this Court, pursuant to 28 U.S.C. §§ 89(c), 1391, 1441(a), and 1446(a), because the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, where the Complaint was filed, is a state court within the Southern District of Illinois.

18. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of Illinois, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record, and a copy of the Notice of Removal will be filed with the Clerk of the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.

19. Pursuant to 28 U.S.C. § 1446(b), P&G has attached to this Removal the docket of all State Court proceedings.  *See* Docket, attached at Exhibit D. All procedural requirements and conditions for removal have been satisfied.

### IX. Conclusion

20. As of the date of this removal, P&G has not filed a responsive pleading to the Complaint.  By filing this Notice of Removal, P&G does not waive any defense that may be available to it and reserves all such defenses, including but not limited to those related to service of process and lack of personal jurisdiction.  If any question arises regarding the propriety of the removal to this Court, P&G requests the opportunity to present a brief oral argument in support of

its position that this case has been properly removed. P&G further reserves the right to amend or supplement this Notice of Removal.

### X.   Request for Relief

21. Wherefore, Defendant The Procter & Gamble Company gives notice that the matter bearing Case No. 21-L-000149 pending in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, is hereby removed to the United States District Court for the Southern District of Illinois, and requests that the Court retain jurisdiction for all further proceedings in this matter.

Dated: March 12, 2021

                                                Respectfully submitted,

                                                *s/David A. Schott*
                                                David A. Schott (6288583)
                                                dschott@rssclaw.com
                                                Scott D. Bjorseth (6203776)
                                                sbjorseth@rssclaw.com
                                                RYNEARSON, SUESS, SCHNURBUSCH & CHAMPION, LLC
                                                107 Southpointe Drive
                                                Edwardsville, IL 62025
                                                Telephone: (618) 659-0588
                                                Facsimile: (618) 465-3744

                                                *Attorneys for Defendant The Procter & Gamble Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 12, 2021, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that a true and correct copy of the foregoing Notice has been furnished via First Class Mail, to all counsel of record on the Service List, this 12th day of March 2021.

s/David A. Schott
David A. Schott

## SERVICE LIST

Mark C. Goldenberg
Thomas P. Rosenfeld
Kevin P. Green
Goldenberg Heller & Antognoli, P.C.
2227 South State Route 157
Edwardsville, IL 62025
(618) 656-5150
mark@ghalaw.com
tom@ghalaw.com
kevin@ghalaw.com

Richard S. Cornfeld
Daniel S. Levy
Law Office of Richard S. Cornfeld, LLC
1010 Market Street, Suite 1645
St. Louis, MO 63101
(314) 241-5799
rcornfeld@cornfeldlegal.com
dlevy@cornfeldlegal.com