## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MICHAEL DRAKE**, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21-cv-279-DWD** |
| | ) | |
| **PROCTER & GAMBLE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### STIPULATED PROTECTIVE ORDER
### REGARDING CONFIDENTIALITY OF DISCOVERY MATERIALS

**DUGAN, District Judge:**

For good cause shown, the Court **GRANTS** the parties' agreed motion for entry of protection order (Doc. 40).  Pursuant to Federal Rule of Civil Procedure 26, the Court hereby enters the following Protective Order (hereinafter "Order") as agreed upon by the parties.

1.      **PARTIES TO THE ORDER**.  This Order governs the named Plaintiff, Michael Drake, and Defendant, The Procter & Gamble Company, in the above-captioned matter (the "Action"), as well as any third parties who produce or receive information in the Action (collectively "Parties").  Parties who produce data, documents, information, or tangible things are "Producing Parties."  Parties receiving data, documents, information, or tangible things are "Receiving Parties."

2.      **SCOPE OF THE PROTECTIVE ORDER**.  This Order shall govern the use of Confidential Information produced during discovery in this Action.  "Confidential Information" as defined below may include hard copy documents and

electronically stored information contemplated by the Federal Rules of Civil Procedure, including writings, drawings, graphs, charts, photographs, sound recordings, images, data, or data compilations stored in any medium, testimony, exhibits, discovery responses, depositions, deposition exhibits, and all other mediums of expression or other written discovery responses ("Discovery Materials"). For purposes of this Order, the Party designating Discovery Materials as "Confidential" or "Highly Confidential" (the "Designating Party") bears the burden of establishing that such Discovery Materials are entitled to confidential treatment under this Order.

3.      **DESIGNATION OF CONFIDENTIAL MATERIALS.**  Any Designating Party shall have the right to designate as "Confidential" any information, document, or thing that it is disclosing and that it believes in good faith constitutes, contains, embodies, discloses, or reflects trade secrets or other non-public financial or commercially sensitive information that could cause it competitive harm in the marketplace or personal private information that could potentially cause harm to the interests of the disclosing party or nonparties. Any Designating Party shall also have the right to designate as "Highly Confidential" any Confidential Information for which the Producing Party in good faith reasonably believes that the disclosure of such information would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means.

Copies or excerpts of information contained within, or summaries, notes, or charts containing any information from, a document or thing designated as

"Confidential" or "Highly Confidential" shall also be treated respectively as "Confidential" or "Highly Confidential."

"Confidential" and "Highly Confidential" Discovery Materials shall not include information that at the time of the disclosure hereunder is available to the public, or after disclosure hereunder becomes available to the public through no act, or failure to act, by a Non-Designating Party.

4. **MARKING DOCUMENTS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL."** The Designating Party shall designate Discovery Materials as "Confidential" or "Highly Confidential" by physically or electronically marking copies of the Discovery Material produced to a Party with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, prior to the time the Discovery Material is produced. Any such marking shall not cover up, overlap upon, obscure, or otherwise conceal any text, picture, drawing, graph, or other communication or depiction in the Discovery Material. The Parties shall meet and confer and agree upon a method for designating as Confidential Information documents produced in native file form, or in any other medium that cannot be designated by electronic or physical marking as set forth above.

Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential Material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief. Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state, or foreign Data Protection Laws or other

3

privacy obligations, including but not limited to personally identifiable information ("PII") and protected/personal health information (PHI).  Any party may redact Protected Data that it claims, in good faith, requires protections under the terms of this Order.  Protected Data, however, shall not be redacted from Discovery Material to the extent it directly relates to or identifies an individual named as a party in this Litigation.  Protected Data of an individual named as a party shall otherwise receive the same protections and treatment afforded to other Protected Data under this Protective Order.

     5.     **DESIGNATING DEPOSITIONS**  With respect to any deposition, confidential treatment under this Order may be invoked by designating specific pages and/or lines as "Confidential" or "Highly Confidential" on the record at the deposition, or by serving such designations within 30 days after receipt of the final transcript of the deposition from the court reporter.  All deposition transcripts shall be treated as "Highly Confidential" for 30 days following receipt of the transcript (and during the period, if any, when the transcript is available in "rough" form) regardless of whether designations of any portions thereof have been designated as Confidential Information before that time.

     6.     **"QUALIFIED PERSONS" FOR CONFIDENTIAL INFORMATION**. All Discovery Materials produced in this Action may only be used for purposes of preparation, trial, and appeal of this lawsuit, and not for any other purpose.  Discovery Materials designated as "Confidential" may be disclosed only to the following "Qualified Persons":

A.      The Court, including Court personnel necessary to assist the Court in its function with regard to the Action;

B.      Named plaintiff and Designees of the Defendant with whom Defendant's counsel may deem it necessary to consult for the preparation of trial of this case, provided that no access shall be given to such Designees until each such individual has executed the "Certification to Agree to Terms of Stipulated Protective Order Regarding Confidentiality of Discovery Materials" ("Certification") attached hereto as Exhibit A.  For purposes of this Protective Order, a "Designee" shall be an officer, director, or employee (including in-house counsel) selected by the Defendant and employed by the Defendant or its subsidiary, affiliate, agent, or other entity involved in the development or manufacture of the toothpastes referenced in the Complaint.

C.      Counsel of record for the Parties, including all partners and associate attorneys and staff of such counsel's law firms who are actually assisting in the conduct of the Action;

D.      Consultants, investigators, or experts (collectively, "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit.  Before disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the Discovery Materials received be held in confidence, and must execute the Certification attached hereto as Exhibit A;

E.      Court reporters (whether at depositions, hearings, or any other proceedings);

5

F.      Any potential, anticipated, or actual deposition, trial, or hearing witness in this action who previously has had access to the Confidential information;

G.      Any potential, anticipated, or actual deposition, trial, or hearing witness in this action who previously did not have access to the Confidential information, but only to the extent such Confidential information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have executed the Certification attached hereto as Exhibit A;

H.      Vendors who perform litigation services including, but not limited to, computer database preparation, document coding, image scanning, photocopying, mock trial, jury profiling, translation, or exhibit preparation in connection with this action, but only for so long as necessary to perform those services;

I.      Any mediator appointed by the court or jointly selected by the parties; and

J.      Any other person as may be designated by written agreement by the producing party or by order of the Court.

7.      **"QUALIFIED        PERSONS" FOR   HIGHLY      CONFIDENTIAL INFORMATION**.  "Highly Confidential" Information may be disclosed only to the following "Qualified Persons":

A.      The Court, including Court personnel necessary to assist the Court in its function with regard to the Action;

B.      Counsel of record for the Parties, including all partners and associate

attorneys and staff of such counsel's law firms who are actually assisting in the conduct of the Action;

C.     In-house counsel Designees for the Defendant who execute the Undertaking for Defendant's In-House Counsel attached as Exhibit B and provide a copy of the executed Undertaking for Defendant's In-House Counsel to the Designating Party's Counsel, and the paralegals, assistants, and stenographic and clerical employees working under the direct supervision of such in-house counsel. No Discovery Materials designated as "Highly Confidential" shall be disclosed to any such individual until at least 7 days have elapsed following written notice (via email) to the Designating Party of the identity of the individual to whom disclosure will be made.   A fully executed copy of Exhibit B completed by the individual shall be included with said written notice.  If the Designating Party makes a written objection within the 7day period, the Parties agree to meet and confer as to whether and what materials may be shown to the individual.   If the Parties cannot reach agreement, either Party may bring the issue to the Court for resolution;

D.     Consultants, investigators, or experts (collectively, "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; *provided*, *however*, that before disclosure to any such experts is made, the identity of the expert must be disclosed in writing to the producing party.  The Producing Party shall have 14 days to object to such expert being shown "Highly Confidential" materials.  If the Producing Party objects, the Parties agree to meet and confer as to whether and what materials may be shown to the expert.  If the Parties

7

cannot reach agreement, either Party may bring the issue to the Court for resolution. Such expert must also be informed of and agree in writing to be subject to the provisions of this Order requiring that the Discovery Materials be held in confidence, and must execute the Certification attached hereto as Exhibit A;

E.      Vendors who perform litigation services including, but not limited to, computer database preparation, document coding, image scanning, photocopying, mock trial, jury profiling, translation, or exhibit preparation in connection with this action, but only for so long as necessary to perform those services;

F.      Any mediator appointed by the court or jointly selected by the parties; and

G.      Court reporters in this action (whether at deposition, hearings, or any other proceeding).

"Confidential" or "Highly Confidential" Discovery Materials may be disclosed to a person, not already allowed access to such information under this Order if: (a) the Discovery Materials were written or were previously received by the person or the person was otherwise familiar with the information designated "Confidential" or "Highly Confidential"; (b) the Discovery Materials were written or received by a director, officer, employee, or agent of the entity for which the person is testifying as a Rule 30(b)(6) designee; or (c) counsel for the party designating the Discovery Materials agrees in writing or otherwise on the record that the materials may be disclosed to the person.  Disclosure of Discovery Materials pursuant to this Section

(Section 8) shall not constitute a waiver of the confidential status of the materials so disclosed.

Except as provided in Sections 7 and 8, counsel for the parties shall keep all Discovery Materials designated as "Confidential" or "Highly Confidential" that are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such Discovery Materials in a secure area and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Order.

8.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**.   A Party or other person objecting to designation of any Discovery Material as "Confidential" or "Highly Confidential" ("Objecting Party") shall give written notice to the Designating Party.   That notice shall provide sufficient identification so that the Designating Party can identify the Discovery Materials whose designation is being challenged.   If the Discovery Materials being challenged are documents having identification numbers, the documents shall be identified by those numbers.   Objections to designations of Discovery Materials as "Confidential" or "Highly Confidential" shall be made in good faith and the parties shall meet and confer in good faith to resolve the Objection informally.   If the parties cannot resolve their dispute through such good-faith meet and confer discussions within a reasonable time, the Objecting party may file and serve a motion to challenge confidentiality that identifies the challenged material in detail and the basis for the challenge. The Designating Party has the burden of establishing that the document is entitled to protection. Any Discovery Material so

designated shall remain "Confidential" or "Highly Confidential," and shall be subject to all of the restrictions on its disclosure and use set forth in this Order, until such time as the Court may determine otherwise.   If the Court rules that the challenged Discovery Material is not "Confidential" or "Highly Confidential," the Designating Party shall re-produce copies of all such materials without the "Confidential" or "Highly Confidential" designation.

9.      **NON-PARTY DISCOVERY MATERIALS**.  The existence of this Order shall be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such Discovery Materials.  Any such person may designate Discovery Materials confidential pursuant to this Order.

10.     **DISCLOSURE OF COVERED INFORMATION**.   The failure to designate Discovery Materials as "Confidential" or "Highly Confidential" shall not be deemed a waiver in whole or in part of a Party's claim of protection under this Order, either as to the specific Discovery Material or as to any other Discovery Material concerning the same or related subject matter.  Such failure to designate may be rectified by notifying in writing counsel for all Parties to whom the Discovery Material was disclosed, within 14  days after discovery of the failure to designate, advising them that the Discovery Material should have been designated "Confidential" or "Highly Confidential" and by producing replacement documents or material with the appropriate designation  The designated documents or material will thereafter be treated as "Confidential" or "Highly Confidential" under this Order.

Upon such designation, the Parties and other persons subject to this Order shall take reasonable and appropriate action to notify any and all recipients of the Discovery Material about the protected status of the newly designated Confidential Information, and to retrieve the newly designated Confidential Information from any person who would not be permitted by this Order to have such information if it had been designated as Confidential Information prior to receipt.

11. **PRODUCTION OF DISCOVERY MATERIALS CONTAINING POTENTIALLY PRIVILEGED INFORMATION**.   Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), if a Producing Party informs another Party or non-party that a document or information received by the other Party or non-party is material protected by the attorney-client privilege, work product doctrine, or other applicable privilege ("Protected Material"), the recipient of such Protected Material shall, upon discovery or notification of such a disclosure:  (a) promptly return the Protected Material and all copies or summaries thereof in its possession; (b) delete any electronic versions of the Protected Material and all copies or summaries from any data source, or any database it maintains; (c) retrieve all electronic and paper copies and all summaries of the Protected Material provided to any third parties, including experts; (d) destroy any notes that reveal the substance of the Protected Material; and (e) make no use of the information contained in the Protected Material or copies or summaries thereof.  The production of Protected Material shall not constitute a waiver of any privilege or protection.  Instead, the Producing Party shall be entitled to assert such privilege or protection in this or any

11

other Federal, State, or other proceeding, and the Protected Material and its subject matter shall be treated as if there had been no such disclosure.

Within a reasonable time after the discovery of the disclosure, the Producing Party will provide a log that describes the basis for the claim that the Protected Material is privileged or otherwise protected from disclosure.  The Receiving Party shall have the right to apply to this Court for an order that the Protected Material is not protected from disclosure by any privilege, law, or doctrine.  The Receiving Party may not, however, assert as a ground for such motion the fact or circumstances of the production or reveal the protected contents of the Protected Material prior to entry of an Order from this Court that such revelation is permitted.

The Party to whom any Protected Material was returned shall retain the Protected Material until the end of the case, including any appeals.  If the substance of the Protected Material is discussed in a deposition or pleading before discovery or notification of the disclosure, such testimony or discussion shall be stricken and may not be used for any purpose.

12.    **REQUEST FOR CONFIDENTIAL INFORMATION**.  If any Party has obtained Confidential Information, whether marked "Confidential" or "Highly Confidential" under the terms of this Order and receives a request to produce such Confidential Information from a governmental entity or by subpoena or other compulsory process, unless prohibited by applicable law, such Party shall promptly notify the Designating Party, including in such notice the date set for the production of such subpoenaed information and, unless prohibited by applicable law, enclosing

a copy of the subpoena (or other form of process).  Such notification must be done in writing within three court days after receiving the subpoena or order.  In addition, the Receiving Party shall deliver a copy of this Order promptly to the person or entity that caused the request, subpoena or order to issue The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential information in the court from which the subpoena or order issued. The Designating Party bears the burden and expense of seeking protection in that court of its Confidential information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

13.   **UNAUTHORIZED DISCLOSURE       OF     PROTECTED DISCOVERY MATERIALS**.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed protected Discovery Materials to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the protected materials, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of the this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to be Bound" that is attached hereto as Exhibit A.

14.     **FILING CONFIDENTIAL INFORMATION**.  The parties must obtain leave from the Court prior to filing any document under seal.   A document shall be deemed timely filed if a motion to file under seal is filed on or prior to the filing deadline, a copy of the document to be filed under seal is provided to the Court and counsel of record, and, if the filing deadline has passed, the document is filed under seal within 5 business days after receipt of the Court's Order granting or denying the motion to file under seal.  Any party may move the Court to seal Confidential Material inadvertently filed in the public record.

15.     **TRIAL OR EVIDENTIARY HEARING(S)**.  Prior to any conference, hearing, or trial, the Parties will, in good faith, attempt to arrive at an accommodation concerning the use of Confidential Information at a status conference, hearing, or trial. Failing agreement, Confidential Information will be handled as directed by the Court.

16.     **FINAL TERMINATION**.   Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation. Upon request of the Designating Party, within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, or, in the case of a class settlement, within sixty (60) calendar days after the time for all appeals of a final approval order has passed or, if an appeal is taken, within sixty (60) calendar days after the date on which all appeals have been finally disposed of in a manner affirming the final approval order, each party shall either destroy or return to the opposing party all Discovery Materials, whether treated as

14

confidential under this Order or not, and all copies of such documents, and shall destroy all extracts and/or data taken from such documents, excluding attorney work-product. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain protected material. Any such archival copies that contain or constitute protected material remain subject to this Protective Order.

17. **MODIFYING THIS ORDER**. Nothing in this Order shall be construed to prohibit the Designating and Receiving Parties from agreeing to modify any provision of this Order or from seeking relief from the Court, nor shall anything in this Order or either Party's compliance herewith be construed as a waiver of any Party's rights under applicable law.

18. **NO EFFECT ON OTHER OBLIGATIONS OR PROTECTIONS**.

a. This Order is without prejudice to the right of any Party to challenge the propriety of discovery on other grounds, and nothing contained herein will be construed as a waiver of any applicable privilege or objection that might be raised regarding the admissibility of any Information. The designation of Information as Confidential Information also will not be construed as a concession that such information is relevant, material, or admissible. Entry of this Order will not operate as an admission against, or otherwise prejudice any contention of, any Party to any motion, or in any other proceeding in this Action, nor will this Order constitute a

waiver of any Party's right to seek relief from the Court from any provision in this Order.

b.      This Order does not affect the right of any Party to use its own Confidential Information.

c.      Except as specifically provided herein, the terms, conditions and limitations of this Order will survive the termination of this Action. The Court will retain jurisdiction over this Order following termination of this Action. None of the terms and conditions of this Order may be modified or terminated except by (a) written stipulation executed by counsel of record for each Party, or (b) further order of the Court.

d.      Any third party upon whom the Parties serve a subpoena requesting the production of Information in this Action may avail themselves of this Order by signing the Certification attached as Exhibit A.

e.      This Order is retroactively binding upon the Parties from the date of the Parties' first production of Information, whether formal or informal, pursuant to a discovery request or Court Order.

**19.      Nothing contained in the Order shall bind the Court, and it may in its discretion modify this Order and its enforcement as may be necessary in the interests of justice.**

    **SO ORDERED**.

    Dated: October 29, 2021        _____

                                        DAVID W. DUGAN
                                        United States District Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MICHAEL DRAKE**, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21-cv-279-DWD** |
| | ) | |
| **PROCTER & GAMBLE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CERTIFICATION TO AGREE**
**TO TERMS OF STIPULATED PROTECTIVE**
**ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIALS**

In consideration of the disclosure to me of information that is subject to the Stipulated Protective Order Regarding Confidentiality of Discovery Materials ("Protective Order") in this action, I agree as follows:

1.    I have read the Protective Order in this action and I agree to be bound by its terms.

2.    I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for the purposes of this action, any "Confidential" or "Highly Confidential" Discovery Materials that are disclosed to me.

3.    I agree to take all reasonable and necessary precautions to ensure that "Confidential" or "Highly Confidential" Discovery Materials are appropriately secured.  Within thirty (30) calendar days after final judgment in this action, including

the exhaustion of all appeals, or within thirty (30) calendar days after dismissal pursuant to a settlement agreement, I will return to outside counsel for the party by whom I am employed or retained all "Confidential" and "Highly Confidential" Discovery Materials that come into my possession, and documents or things that I have prepared relating thereto. Alternatively, I will provide to outside counsel for the party by whom I am employed or retained a written certification that all such information and documents or things have been destroyed.

4.      I understand that if I violate the terms of the Protective Order, I may be subject to an enforcement proceeding before the United States District Court for the Southern District of Illinois, the Honorable David Wayne Dugan, presiding.

5.      I agree to submit myself to the personal jurisdiction of the United States District Court for the Southern District of Illinois, the Honorable David W. Dugan, presiding, in connection with any proceeding concerning the Protective Order. I hereby also consent to accept service of process in connection with this action or any proceedings related to enforcement of the Protective Order by certified letter, return receipt requested, at my principal residence, in lieu of personal service or other methods of service.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated _____, 2021

By: _____

Printed Name: _____

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MICHAEL DRAKE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21-cv-279-DWD** |
| | ) | |
| **PROCTER & GAMBLE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>UNDERTAKING OF IN-HOUSE COUNSEL</u>**

I, _____, declare as follows:

1. My business address is _____.

2. My present employer and the address of my present employer (if different

from above) is _____.

3. My present occupation or job description is
_____. My job title is _____.

4. I have received a copy of the Stipulated Protective Order Regarding

Confidentiality of Discovery Materials ("Protective Order") in the above-captioned
action.

5. I have carefully read and understand the provisions of the Protective
Order.

6. I agree to be bound by the terms of the Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under
the

Protective Order, and will use only for the purposes of this action, any "Confidential"

or "Highly Confidential" Discovery Materials that are disclosed to me.

8.      I agree to take all reasonable and necessary precautions to ensure that

"Confidential" or "Highly Confidential" Discovery Materials are appropriately

secured.

9.      Within thirty (30) calendar days after final judgment in this action,

including the exhaustion of all appeals, or within thirty (30) calendar days after

dismissal pursuant to a settlement agreement, I will return to outside counsel for the

party by whom I am employed or retained all "Confidential" and "Highly

Confidential" Discovery Materials that come into my possession, and documents or

things that I have prepared relating thereto.  Alternatively, I will provide to outside

counsel for the party by whom I am employed or retained a written certification that all

such information and documents or things have been destroyed.

10.      I hereby submit myself to the jurisdiction of the United States District

Court for the Southern District of Illinois, the Honorable David W. Dugan, presiding,

for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.

Dated: _____          Signed: _____