IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL DRAKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cv-279-DWD |
| ) | |
| PROCTER & GAMBLE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**AGREED ORDER GOVERNING DISCOVERY OF
DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

**DUGAN, District Judge:**

For good cause shown, the Court **GRANTS** the parties' agreed motion for entry of ESI protocol (Doc. 40). Pursuant to Federal Rule of Civil Procedure 26 and Principle 2.01 of the Seventh Circuit Electronic Discovery Pilot Program ("7th Cir. Pilot Program"), the Court hereby enters the following plan as agreed upon by the parties to govern the search and production of electronically stored information ("ESI") in this matter (the "Discovery Plan").

**I.     PURPOSE AND SCOPE**

**A.     General.** This Order shall govern the production of documents and electronically stored information ("ESI") by the parties to this Action as described in Federal Rules of Civil Procedure 26, 33, and 34. This Order shall also govern productions made by any third party who is subpoenaed in this action unless otherwise agreed to by the issuing party and the third party. Accordingly, the Order shall be attached to any subpoena issued in this action.

B. **Scope.** Nothing in this Order is intended to be an exhaustive list of discovery obligations. To the extent additional obligations or rights not addressed in this Order arise under the Federal Rules of Civil Procedure, local rules, or applicable state and federal statutes, they shall be controlling.

The Parties are aware of the importance the Court places on cooperation and commitment to cooperate in good faith throughout the matter consistent with the Principles Relating to the Discovery of Electronically Stored Information (the "Principles") of the 7th Circuit Electronic Discovery Committee.

C. **Discovery Dispute Resolution.** The parties will meet and confer in an attempt to reach agreement on any ESI issues. If, upon meeting and conferring, the parties come to an agreement as to terms, such agreement will be confirmed by the parties in writing. In the event of a discovery dispute that cannot be resolved upon meeting and conferring, the matter may be submitted to the Court for determination.

D. **Limitations and Non-Waiver.** The parties and their attorneys do not intend by this Order to waive their rights to any protection or privilege, including the attorney-client privilege and work product doctrine, or their rights to object to any discovery requests.

E. **Variations.** In light of the varying and disparate data systems and architectures employed by the parties, variations from this Order may be required. In the event that any party identifies a circumstance where application of this Order is not technologically possible or practicable, the Producing Party will disclose to the Requesting Party the reason(s) for, and circumstances surrounding, the need to vary

from this Order, and the parties will meet and confer in an effort to reach agreement on an appropriate deviation from this Order. In the event that the Parties cannot reach agreement, the matter may be submitted to the Court for determination.

## II.     TERMS OF PRODUCTION

**A.     Production of ESI.** The parties will produce electronically stored information ("ESI") in the following manner:

The parties will produce the following ESI types in native file format:

- Excel spreadsheets
- Audio/video files
- Animations

Any document produced in native format, will be produced according to the following specifications:

(1)     A unique document number and confidentiality designation shall be used as the file name and the original file name and file extension shall be preserved in the corresponding load file. An example of this convention would be:

"DEF00000001_Confidential--Memo_to_PG_re_ESI.doc."

(2)     The native format documents shall be accompanied by reference information that sets forth for each document, sufficient information to allow the parties to track and authenticate the native format documents produced, including: (i) the name of the custodian from

        whose files the electronic file is produced; (ii); (iii) the original name of the file; and (iv) a document control number.

  (3)  Any file produced in native format need not be imaged. Instead, a single page placeholder image shall be provided that indicates the file was produced in native format and contains the bates number of the corresponding file.

All other ESI shall be produced in PDF format, according to the following specifications:

  (1)  All PDF formatted documents will be single page and 8½ X 11 inch page size, except for documents requiring different resolution or page size.

  (2)  Each imaged version of an electronic document will be created directly from the original electronic document.

Given the size of the case, the parties do not anticipate the need for the production of all metadata related to ESI. However, the parties will provide metadata upon request subject to the meet and confer provisions herein.

**B.**    **Deduping Documents and Most Inclusive Email Productions.** The parties may use commercially acceptable methods (e.g., MD5 or SHA-1 hash values) to identify duplicate ESI and globally de-duplicate ESI. Any metadata provided by the parties for the produced version of each document shall include the duplicate. De-duplication shall not break apart families.

Email threads are email communications that contain prior or lesser-included email communications that also may exist separately in the party's electronic files. A

most inclusive email thread is one that contains all of the prior or lesser-included emails, including attachments, for that branch of the email thread.  The parties agree that removal of wholly included, prior-intime, or lesser-included versions from potential production will reduce all parties' costs of document review, production, and litigation-support hosting.  For the avoidance of doubt, only email messages for which the parent document and all attachments are contained in the more inclusive email message will be considered less inclusive email messages that need not be produced; if the later message contains different text (such as where the later message adds inline comments to the body of the earlier message), or does not include an attachment that was part of the earlier message, the earlier message must be produced.  To the extent that an e-mail thread contains privileged communications, such communications can be redacted.  If an e-mail thread contains responsive, non-privileged communications, the entire e-mail thread cannot be withheld as privileged.

**C.**     **Search Methodology**. The Parties agree that relevant ESI may be identified for production by the following means:

> (1) manually, conducted by the custodians or by counsel; and/or
>
> (2) by the use of native application search functionality native to the e-mail or other software (e.g. searching within Outlook).

In addition to, or instead of the foregoing methodologies, the Parties may agree in writing to use other more advanced search capabilities.

**D.**     **Redactions.**  In situations where redaction of information is required, such redactions must be made in a way that ensures the integrity of the remaining text is

5

preserved for OCR (*e.g.*, redactions must not obscure non-redacted text). Any redactions must be clearly visible on the face of the produced document.

### III. OTHER

**A.** Nothing in this Discovery Plan shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, workproduct doctrine, or any other applicable privilege or immunity. The Parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI.

**B.** Nothing in this Discovery Plan is intended or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the Parties or third parties to object to a subpoena.

**C.** Counsel executing this Discovery Plan warrant and represent that they are authorized to do so on behalf of themselves and their respective clients.

**D.** **Nothing contained in the Discovery Plan shall bind the Court, and it may in its discretion modify this Order as may be necessary in the interests of justice.**

**SO ORDERED**.

Dated: October 29, 2021

_____
DAVID W. DUGAN
United States District Judge